[Filed April 16, 1888.]

PAULINE CLARK, PLAINTIFF AND APPELLANT, *v.* CHARLES D. CLARK ET AL., DEFENDANTS AND RE-SPONDENTS.

AT COMMON LAW, A MARRIED WOMAN COULD NOT CONVEY HER REAL ESTATE, neither separately nor in conjunction with her husband. The effect of the marriage was to destroy her legal identity, and to confer on her husband the ownership of her personal property, the rents and profits of her real estate, and curtesy. As a result of this principle, the *corpus* of her realty was beyond the reach of either husband and wife. and it descended to her heirs until the origination of fines and recoveries, whereby, with the consent of her husband, she was enabled to alien her lands.

WHENEVER A MARRIED WOMAN WAS A PARTY TO A FINE, it was necessary that she should be examined apart from her husband to ascertain whether she *joined* in the fine of her own free will or was compelled to do it by threats and menaces. In lieu of the conveyance by fine, the less expressive and more convenient mode by deed has been substituted by statute in this country without dispensing with any of the guards designed for the protection of married women.

WHERE THE STATUTE REQUIRES THE HUSBAND TO JOIN WITH THE WIFE in the execution of a deed to convey her lands, *held,* that a joint signing, etc., of the wife's deed was a sufficient assent to comply with the requirements of the statute. His assent to the act of his wife is all that the policy of the law requires, and this is signified by a joint signing.

APPEAL from Multnomah County. Affirmed.

*Killen & Starr,* for Appellant.

*R. & E. B. Williams,* and *Caples & Mulkey,* for Respondents.

LORD, C. J.—This is a suit in equity to declare certain deeds hereinafter mentioned void, and to require the record of them to

be canceled.  The plaintiff is the widow of John C. Clark, deceased, and the mother of all the defendants except one, who is the husband of her daughter Emma A.  On the seventeenth day of April, 1873, the plaintiff as party of the first part made a deed of certain realty to one T. K. Williams as party of the second part, which in the body of it is written as if it were her own individual deed, except the attestation clause, in which it is said that "the party of the first part have hereunto set their hands and seals this, the seventeenth day of April, 1873."  This deed is signed and sealed by the plaintiff and her husband, John C. Clark, and her acknowledgment of the same is separately taken.  Prior to the execution of said deed, the realty thereby intended to be conveyed was the property of the plaintiff in fee-simple, the interest of the husband being solely in the right of his wife.  By deed of like date, the same property was conveyed by Williams and wife to the said John C. Clark, who shortly thereafter died, and through whom the defendants claim title to the property in controversy.  Upon this state of facts the plaintiff contends that her deed was insufficient to convey the title to such realty, because her husband was not a party to the operative part of the deed.

The provisions of our Code regulating the conveyances of real estate of married women are to the effect that "the husband and wife may, by their joint deed, convey the real estate of the wife in like manner as she might do by her separate deed," provided that the same be duly authenticated, and such married woman shall acknowledge, on a separate or private examination before the officer authorized to take her acknowledgment of such deed, separate and apart from her husband, and that she executed the same freely and without fear or compulsion from any one. (Hill's Code, § 3015.)  At common law, a married woman could not convey her real estate neither separately nor in conjunction with her husband.  The effect of the marriage was to destroy her legal identity, and to confer on her husband the ownership of the personal property, the rents and profits of her real estate, and curtesy.  Her deed as a conveyance, or for any other purpose, imposed no binding obligation and was utterly void.  As

XVI. Or.—15.

a result, the *corpus* of her realty was beyond the reach of either husband or wife, and it descended to her heirs until the invention of fines and recoveries. These were devices invented by the courts of law, by which, with the concurrence of her husband, she was enabled to alien her lands. But to give them the effect of conveyances by this method, the husband was required to join with the wife in levying a fine or suffering a common recovery. It was a solemn proceeding of record in the presence of the court, whose duty it was to ascertain if her participation in the act was voluntary and unrestrained.

A fine levied by a married woman alone, where her coverture appeared upon the record, would neither bind her nor her heirs. (2 Roper on Husband and Wife, 141; Cruise, tit. 5, ch. 5, § 12.) Yet if the wife levied a fine as a *femme sole*, and her coverture did not appear upon the record, and the fine was not avoided by the husband in his lifetime, it bound her and her heirs, upon the ground that she was estopped from averring against the record that she was a *femme covert*. (2 Roper on Husband and Wife, 141.) But it was always competent for the husband to enter and avoid the fine for the benefit of the wife and her heirs, as well as for himself. With this exception, a fine levied by a married woman without the concurrence of her husband was void, and bound neither herself nor her heirs. Whenever, therefore, a married woman was party to a fine, it was necessary that she should be examined apart from her husband to ascertain whether she *joined* in the fine of her own free will, or was compelled to do it by threats and menaces of her husband. This is significant as indicating that she must unite with her husband in levying the fine in order to convey her real estate. The disability incident to her coverture in the theory of the common law was created for her benefit and protection.

To relieve against that so as to conclude her, two things were deemed essential to enable her to convey her lands, namely: (1) The concurrence of her husband; and (2) the acknowledgment upon a private examination that the act was voluntary on her part, and uninfluenced by fear or compulsion of her husband. "For the wife," says Mr. McQueen, "is by the disabil-

ity of coverture precluded from disposing of it without her husband's concurrence. And in order to guard her against the consequences of an undue exercise of marital authority, the law will not suffer her to part with her estate till it is previously ascertained that she performs the act voluntarily." (McQueen on Husband and Wife, 27.)

In lieu of the conveyance by fine, the less expensive and more convenient mode by deed has been substituted and provided by statute in this country without dispensing with any of the guards designed for the protection of married women. By our statute, as is generally provided by the statutes of other States, the husband is required to join with the wife in the conveyance of her land, "in order," as Chancellor Kent says, "that his assent might appear upon the face of it, and show he was present to protect her from imposition." (2 Kent Com. 150.) And as a general proposition it may be stated that the deed of a married woman, unless joined by her husband, or unless authorized by statute, is void. (Martindale on Conveyances, § 25, and n.)

. "If the statute in express terms," says Mr. Bishop, "requires that the husband shall be joined with the wife in the deed, her deed alone, however formal, is plainly of no effect. The immemorial usage under which this sort of conveyance has been held to be good, without the act of a statute, requires the joinder of the husband with the wife; and it is believed that, since by a principle of the common law a wife can do no valid act without the concurrence of her husband, the husband must always join to make her statutory conveyance good, unless the statute, either in express words or by necessary implication, renders such joinder unnecessary." (Bishop on Married Women, § 593; 1 Devlin on Deeds, §§ 100, 101; Tiedman on Real Property, § 794.) This indicates quite plainly that a conveyance of lands held in right of the wife must be by the deed of the husband and wife, in which they join as prescribed by statute; "for," said Sewall, J., "in a sale or grant of real estate, where the title proceeds from her, the husband and wife are as one grantor. They act together in her right, his concurrence being essential to the validity of the conveyance; and she is to be joined with him in

the operative words and stipulations of the conveyance." (*Lith-gow* v. *Kavenaugh*, 9 Mass. 173.) Again it was said by Dewey, J.: "By the well-settled principles of the common law, as long held and practiced upon in this commonwealth, and subsequently confirmed by the Revised Statutes, chapter 59, section 2, a *femme covert* who owns the fee of land can convey the same only by a deed executed by herself and her husband, and when both are parties to the effective and operative part of the instrument of conveyance." (*Jewett* v. *Davis*, 10 Allen, 70.)

A similar decision was made in *Gray* v. *Mathers*, 7 Jones (N. C.) 502, in which a married woman having a life estate in land made a deed purporting to convey it in her own name, without that of her husband's being in the body, but only affixed after the signature of the wife, and it was held that such deed was void, the court saying: "It is void as being the deed of a woman laboring under the disability of coverture. The husbands are not mentioned in the deed as parties to it, and they could not become so by adding their signatures and seals to those of their respective wives." In *Blythe* v. *Dargin*, 68 Ala. 372, it was held that a conveyance by a married woman of lands belonging to her as her statutory separate estate, executed by her in the presence of two witnesses, and acknowledged before and certified by a justice of the peace, signed by the husband, but in which he is not named as a grantor, and which contains no words of conveyance passing or evincing an intention to pass his real estate or interest in the lands, is merely the void deed of the wife, to which the husband was not a party, and to which his concurrence was not expressed in the mode prescribed by the statute. So in *Warner* v. *Peck*, 11 R. I. 431, where a deed was given, drawn as the individual deed of a married woman throughout the premises, granting and covenanting parts down to the attestation clause, etc., and the deed was signed, sealed, and acknowledged by both husband and wife, the wife's acknowledgment being separately taken, it was held that the deed was a nullity, Darfee, C. J., saying: "For how can a deed which is expressed solely in the name of one person become the deed of another person by his simply affixing to it his signature

and seal?' The maxim of the law is, *expressio unius, exclusio alterius.* The sole grantor named in the body of the deed is the wife. The deed was: 'I, Mary E. Huddleston, etc., in testimony whereof we have hereunto set our hands and seals.' In testimony of what? Manifestly, in testimony of the grant and covenants expressed in the body of the instrument. It is true they are null and void; but they cannot be construed as the joint grant of the husband and wife, with covenants by the husband, simply because, unless so construed, they are without effect. That would be to make for the husband and wife a deed which they had not made for themselves."

Upon analogous principles, other cases might be cited in which it has been held that a married woman, owner of the fee of land, does not pass her title by a deed executed by the husband in the granting part of the deed. (*Purcell* v. *Gashorn,* 17 Ohio, 105; 49 Am. Dec. 448; *Bruce* v. *Wood,* 1 Met. 542; 35 Am. Dec. 380; *Kerns* v. *Peeler,* 4 Jones [N. C.] 226.) So, too, cases might be cited in which it has been held that a wife does not release her right of dower in land conveyed by her husband, by simply signing, sealing, and acknowledging his deed, if it has no words of release. (*Powell* v. *Monsen,* 3 Mason, 347; *Catlin* v. *Ware,* 9 Mass. 218; 6 Am. Dec. 56; *Cox* v. *Wells,* 7 Blackf. 410; 43 Am. Dec. 98.) Instead of the common-law mode of conveyances, our statute has substituted a deed, jointly executed by husband and wife, and acknowledged in the form prescribed, and in no other way can the wife's estate pass under our law. She has no power to convey by her own deed, and according to the reasoning of the cases cited it is indispensable that the husband be a party to the operative part of the conveyance. And Chancellor Kent says: "The weight of authority would seem to be in favor of the existence of a general rule of law that the husband must be a party to the conveyance or release of the wife." And further: "Upon the view of our American law upon the subject, we may conclude the general rule to be that the wife may convey by deed; that she must be privately examined; that the husband must show his concurrence to the wife's conveyance by becoming a party to the deed; and that the cases in

which her deed without such concurrence is valid are to be considered as exceptions to the general rule." (2 Kent Com. 152, 154.) And this result is in conformity with the impression which has prevailed with me, both upon principles of analogy and the reading of the statute, that the wife must be joined with her husband in conveying a title which proceeds from her; and that a deed made by her, although signed and sealed by him, in which he is not named or joined with her in the operative words or granting part of the instrument, is a nullity. But there is a considerable divergence of judicial opinion under like statutes as to what will constitute a sufficient assent to comply with the requirements of such statutes. It is held that a joint signing of the deed of the wife is sufficient, and that it is not necessary that the husband be joined in the body of the deed; that when he signs and seals it with her, and then acknowledges it to be his deed for the purposes contained, that such acts amount to an adoption of all which preceded his signature, and that no other legitimate cause for these acts can be assigned than a design to make all the promises to which his signature is affixed. (*Elliott* v. *Sleeper,* 2 N. H. 525.)

"The purpose or reason why," said Deadnik, J., "the law requires that the husband should join in the deed with his wife is, that his assent to the conveyance might appear, and that it might also appear that he was present to protect her from imposition. Why should he, upon the face of the deed, be required to say that he conveys, and is seised and possessed, and has a good right to convey, when these covenants as to lands belonging to his wife are not true? All that is required by him to signify his assent and presence is his signature. That binds him to all the recitals contained in the instrument, and makes it as much his deed or obligation as if his name was inserted in the body of it. By his signing, delivery, and acknowledgment of the deed, he would be forever estopped from setting any claim to the property conveyed." (*Friedenwald* v. *Mullan,* 10 Heisk. 231.) Of like import is the case of *Dentzel* v. *Waldie,* 30 Cal. 148, in which it was held that it was not necessary that the husband's name, as a grantor, should be

inserted in the body of a deed given by a married woman con-
veying her separate estate, but it is sufficient if he sign, seal, and
acknowledge it. Said Sanderson, J.: "Thus the second section
of the act concerning conveyances provides that a 'husband and
wife may by their joint deed convey the real estate of the wife
in like manner as she might do by her separate deed if she were
unmarried.' What is here meant by the words 'joint deed?'
Is it necessary that the husband should appear as grantor in the
body of the deed, or is it sufficient if he join in signing, sealing,
and acknowledging? Why make him play the part of a
grantor when he has nothing to grant? His assent to the act
of his wife is all that the policy of the law could require. That
is well signified by a joint signing and sealing only as by mak-
ing him assume in addition a false character." The principle
upon which these cases rest is, that if the conveyance is made as
her voluntary act, without fear or compulsion from her husband,
and with his knowledge and consent, a joint signing of the deed
is within the reason of the law, and a sufficient compliance with
the requirements of the statute.

In *Evans* v. *Summerlin*, 19 Fla. 860, it is held that where the
deed of a married woman, whereby she seeks to convey her
separate property, contains the name of herself only as the
grantee, and her husband is not named in the body of the deed,
but signs the deed with her, and both duly acknowledge its
execution, this is a sufficient assent and joining with her under
the statute to convey the property of the wife. In *Stone* v.
*Montgomery*, 35 Miss. 83, the court, by Handy, J., said: "The
property is admitted to belong to the wife, and, of course, the
husband had merely a secondary interest in it. It was her act
which was essential to the conveyance; but he signed the deed
and acknowledged it as his act and deed for the purposes stated
in it. That was sufficient to show his consent and co-operation
in the conveyance in the most certain form; and the reason of
the statute in requiring the conveyance to be made by the joint
deed of the husband and wife is, that it may be made with his
aid and consent. His signing, delivering, and acknowledgment
of the deed would estop him from setting up any claim to the

property against the grantee, and show that the title of the wife was conveyed by his co-operation. Under such circumstances the deed is sufficient under the statute to convey the wife's estate." So in *Woodward* v. *Seaver*, 38 N. H. 30, it was held that a deed of the wife's lands which purports to be the conveyance of the wife alone, and contains no recital that the husband is a party, but is signed and sealed by him, is sufficient to pass the title. (See, also, *Hills* v. *Bearse*, 9 Allen, 406; *Schley* v. *Trustees etc.* 25 Fed. Rep. 890.)

Upon the principle suggested by these cases, a joint signing of the deed of the wife is held to be a sufficient assent to comply with the requirements of the statute; "for," as Graham, J., said, "although the husband's name does not appear in the body of the deed, he signed, sealed, and delivered it, and *thus joined* in its execution." (*Bray* v. *Clapp*, 6 New Eng. Rep. 454.)

It is thought by the court that the deed is effectual to convey the title, and the decree of the court below must be affirmed.