THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM F. SHUPE, PLAINTIFF IN ERROR.

Submitted December 6, 1915—Decided March 6, 1916.

A court of last resort need not hear a party as to a question which could have been, but was not, raised in an intermediate court of appeals, except where the question goes to the jurisdiction of the subject-matter, or where a question of public policy is involved.

On error to the Supreme Court, whose opinion is reported in 86 *N. J. L.* 410.

For the plaintiff in error, *William D. WolfsKeil.*

For the defendant in error, *Alfred A. Stein,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendant was indicted by the grand jury of the county of Union for an assault with intent to commit rape in that county, and was convicted by a traverse jury. He brought error to the Supreme Court where the judgment was affirmed, and now brings error to this court.

We agree with the soundness of the views expressed by the Supreme Court in its opinion affirming the judgment.

Two alleged errors are urged upon us which appear not to have been argued in the court below.

The questions considered in the Supreme Court were three, namely—*first,* the trial court's refusal to sustain a challenge to the array of jurors; *second,* that the judge erroneously permitted the prosecuting witness to testify that on her return home she told her mother what had happened, and *third,* that if the defendant were found guilty by the jury's verdict he could not thereafter be tried in Essex county (there being

proof tending to show that the crime charged occurred in Essex and not in Union).

The Supreme Court's opinion concludes with a discussion of the third question which, it said, is "the only other ground of reversal which is argued by counsel," and nothing has been presented to this court showing that any questions, other than the three, were presented to and argued in the Supreme Court. The case was submitted here on briefs, and counsel for the plaintiff in error urges two reasons, other than those presented to the Supreme Court, why the judgment of that tribunal should be reversed, as follows—*first,* the admission in evidence of the minutes of the Court of Quarter Sessions showing a plea of *non vult* made by the defendant (who afterwards retracted it and pleaded not guilty), and *second,* the charge of the court that the jury should be governed by the preponderance of evidence, but, where all things are equal, then the preponderance goes to the side producing the greater number of witnesses, and that ought to carry the verdict with it.

Counsel for the state contends that the assignments of error upon which the two points argued here are raised were not argued in the Supreme Court and were therefore waived and abandoned. As already stated, there is nothing presented to us which shows that any other points were argued in the Supreme Court than those mentioned in that court's opinion, and, therefore, we must conclude that no other points were argued than those decided.

It is a settled rule that a party need not be heard on a point not taken or a matter not raised and considered in the court below. See the cases in *N. J. Dig. Anno., tit. "Appeal and Error," V. (A).* And this applies in a court of last resort as to questions which could have been, but were not, raised in an intermediate court of appeals. 2 *Cyc.* 676.

In *Wyckoff* v. *Luse,* 67 *N. J. L.* 218, a case on appeal from the court for the trial of small causes to the Warren Pleas, and thence to the Supreme Court, the costs taxed before the

justice of the peace appeared to be excessive, but, as no attempt was made to correct the taxed bill in the Common Pleas, on intermediate appeal, the Supreme Court held that it could not grant the relief on appeal there from the Common Pleas.

This court, in *Marten* v. *Brown,* 81 *N. J. L.* 599, 601, declined to consider grounds mooted upon the argument here but not presented to the Supreme Court, upon which the judgment of the District Court, which was under review, was asserted to be erroneous.

The doctrine that a party need not be heard as to a question which could have been, but was not, raised in an intermediate court of appeals, is subject to these limitations, namely—*first,* where the question goes to the jurisdiction of the subject-matter (*Dodd* v. *Una,* 40 *N. J. Eq.* 672, 713), and *second,* where a question of public policy is involved. *Massachusetts National Bank* v. *Shinn,* 163 *N. Y.* 360. But the questions presented to us in the case *sub judice,* which were not raised in the Supreme Court, do not fall within either of the exceptions.

To consider the questions in the case at bar, which are mooted before us, but which were not presented to or argued in the court of first appeal, would be to depart from established precedent. The judgment under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 11.

*For reversal*—None.