BENJAMIN & JOHNES, PROSECUTOR, v. FLORENCE A. BRABBAN, RESPONDENT.

Argued June 7, 1917—Decided June 25, 1917.

1. A claim for compensation under the Workmen's Compensation act is barred by the lapse of one year from the date of the accident unless a petition is filed or an agreement for compensation payable under the act, is reached within such time. Neither the payment by the employer of the physician's bill for attendance during the first two weeks of disability nor an agreement that there shall be "no compensation" can properly be called an agreement such as may be reviewed by the Court of Common Pleas, under the authority of paragraph 21 of the act, on the ground that the incapacity of the injured employe has subsequently increased or diminished.

2. A case under the Workmen's Compensation act, solemnly adjudicated on a petition and agreed statement of facts, should not be reopened for the purpose of allowing a party to make a new and distinct case.

On *certiorari* to the Essex Pleas.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *M. Casewell Heine.*

For the defendant, *Wilbur A. Heisley.*

The opinion of the court was delivered by

SWAYZE, J. Florence M. Brabban was injured on May 1st, 1913, while in the employ of Benjamin & Johnes. On April 30th, 1915, nearly two years afterward, she filed a petition in the Essex Common Pleas setting up that there was a dispute between her and the present prosecutor concerning her claim for compensation and praying that that dispute might be determined in accordance with the act. To this petition an answer was filed claiming that her right was barred by the lapse of the year allowed by the statute, and obviously this defence was valid. Thereupon, on June 16th, 1915, she filed an

amended petition in which she stated that about two weeks after the accident an agreement was entered into between her and the prosecutor by which it was understood and agreed "that the petitioner should receive no compensation for the injury which she sustained by reason of the fact that she had returned to her employment on the sixteenth day after the occurrence;" that in November, 1914, she discovered that her incapacity had increased and she therefore requested the court to review the agreement and to adjudge compensation to her under the act. This petition came on for hearing upon an agreed state of facts which recited that on the sixteenth day after the accident she returned to work, and on the same day, had a conversation with one of the members of the respondent corporation, during which she asked for compensation and was told that as she had returned shortly after the lapse of two weeks she was entitled to no compensation under the law, but was advised to see a lawyer; that she consulted counsel and was advised that she could recover nothing; that she again saw the same member of the respondent corporation and told him that she acquiesced in his interpretation of the law, and said that she was satisfied that she was entitled to no compensation, and if satisfactory to the respondent would continue to work there; and that she did so continue working until the month of November, 1914. The judge held, on this state of facts, that he could find no agreement such as contemplated by the language of the last paragraph of section 21 or the last paragraph of section 23, and that the petition would be dismissed.

On November 13th, 1915, Miss Brabban filed a second amended petition in which she recited that two weeks after the accident an agreement was entered into between her and the prosecutor, in which it was agreed that the prosecutor should pay or reimburse her for the amount she had become indebted to a physician for medical attendance made necessary by the accident. The petition states that more than one year had elapsed since the agreement became operative; that the statement in her former petition that it was agreed that she should receive no compensation for the injury was made

by inadvertence and mistake and without the knowledge of the petitioner (although it was sworn to). She prayed that the agreement be reviewed. Thereupon the judge set aside his former judgment, reheard the case, held that the agreement to pay the physician's bill was an agreement for compensation and that he had the right to review it. He did review it and awarded her $5.50 a week for four hundred weeks.

Obviously, she could not recover under any of these petitions as an original petition for compensation under the act, for they were all filed more than a year after the injury. The only ground on which the proceedings can be sustained is that there had been an agreement for compensation between the parties within a year after the accident, and that this agreement might be reviewed under section 21 of the act on the ground that her incapacity had increased. The difficulty with this claim of the petitioner is that it is necessary that there should have been an agreement upon the "compensation payable under the act," which shall be subject to diminution as well as to increase. The payment of the physician's bill required no agreement, as the present prosecutor was under an obligation to pay that bill under section 14 of the statute, without any agreement. It is very doubtful, we think, whether the opinion of the learned judge of the Common Pleas that the physician's bill was compensation is sound, but whether so or not the payment of the physician's bill required no agreement and would not be subject to review; it is only where there is an agreement, that there can be a review after the year and a case where there is an agreement is contrasted by the statute with a case where there is a dispute. The provision is clearly not applicable to a case like this. To call an agreement that there should be "no compensation" an agreement for compensation under the act, is a mere perversion of language.

Force is added to this view by the very fact stated in the first amended petition that the agreement was that the petitioner should receive no compensation for the injury which she had sustained by reason of the fact that she had returned to her employment on the sixteenth day after the injury. Ob-

viously, the petitioner then had in mind the provisions of section 13 of the act that no compensation should be allowed for the first two weeks after the injury is received, and as the trial judge said in his original opinion, the statement of facts which was agreed upon showed that there was no agreement such as was contemplated by sections 21 and 23. His adjudication on that petition and statement of facts was undoubtedly correct, and we think he ought not, after he had adjudicated the matter, to have allowed the case to be reopened for the purpose of making a new and different case in contradiction of the petitioner's own averments under oath. Such a procedure deprives the defendant of the protection which the statute intends to give him.

We pass by the questions as to the technical form of the procedure on which a rehearing was had, as we do not regard that as important, but it is important that a case solemnly adjudicated should not be reopened for the purpose of allowing a party to make a new and distinct case.