This is a bill to restrain the defendant from setting up a one-year time limit for filing a claim under the Workmen's *Page 445 
Compensation act (P.L. 1911 p. 134 ch. 95), and the amendments thereof and supplements thereto. It is admitted that the claim was not filed within a year and fraud is alleged as a cause of the delay. No settlement has been effected.
An amendatory act (P.L. 1921 p. 731 ch. 229) provides as follows: "Every claimant for compensation under the act to which this act is a supplement, or its supplements or amendments shall, unless a settlement is effected or a petition filed under the provisions of section 4 [this was not done], file a petition in duplicate with the secretary of said bureau in his office in the state house, in Trenton, within one year after the date on which the accident occurred."
I think the filing of the claim within a year is a jurisdictional fact, and not what the complainant calls a statute of limitations, the pleading of which might or might not be enjoined in a court of equity. The legislature in framing this law evidently intended that those who desired to avail themselves of it should do so within a certain time, and that their failure so to do would deprive them of the benefits of the statute. To allow claims to be filed at any time after the period limited by statute would, I think, tend to confusion and make the fixing of just compensation very difficult.
In the case of Boyle v. Van Splinter, 127 Atl. Rep 257 (atp. 258) Chief-Justice Gummere said: "In proceedings before a statutory tribunal like the workmen's compensation bureau, jurisdictional facts will not be presumed to have been shown to exist in the absence of such recital."
In the case of Luszcs v. Seaboard By-Products Co.,127 Atl. Rep. 212 (at p. 214), Mr. Justice Katzenbach, speaking for the court of errors and appeals, says: "The scheme of the legislature is clear. All claims for compensation are to be made by the filing of a formal petition within one year after the accident. * * * Any other construction would result in a situation in which a person injured might apply at any time later to have an additional award made. For if such an application is not subject to the limitation contained in section 23 (h), it is subject to no limitation at all. Such a situation would never have been intended by the legislature. *Page 446 
No employer would ever know when his liability was ended. He could probably obtain no insurance for such outstanding risks." See, also, to the same effect, Des Lauriers Column Mold Co. v.Jackson, 127 Atl. Rep. 798. I think the workmen's bureau is without jurisdiction under the section of the laws of 1921 above quoted and paragraph (h) of section 23 (P.L. 1919 p. 201), which reads: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, * * * within one year after the date on which the accident occurred."
As to the claim of fraud, it should be noted that the insurance company whose agent is supposed to have perpetrated the fraud is not a party to the suit. Moreover, the proofs, to my mind, fall far short of establishing fraud. Complainant is an intelligent man, was fully aware of all proceedings and took no action as he himself says though urged to do so because he wanted to consider the matter. He was aware that an award had been made, and was urged to accept it or to protect his rights. He did nothing. Without analyzing the testimony further, I am convinced that no fraud was practiced upon him and his delay is his own fault. Therefore it is unnecessary to consider the rather novel proposition of whether a court of equity can re-invest a statutory tribunal with a jurisdiction it has lost by finding that fraud was practiced on complainant by a person not made a party defendant to the suit; and who, as far as the testimony goes, was not the agent or privy of the defendant who was sued.
I will advise a decree dismissing the bill. *Page 447