New Jersey Department of Labor,
Workmen's Compensation Bureau.

PAUL J. SMITH, PETITIONER, v. THEODORE KLEMM, TRADING AS WEST HUDSON DECORATING COMPANY, RESPONDENT.

Decided August 21, 1936.

For the petitioner, *Herbert C. Dolan.*

For the respondent, *Henry M. Grosman.*

This matter comes before me on a motion made by the respondent to dismiss the petition filed on May 17th, 1935, upon the ground that the workmen's compensation bureau is without jurisdiction to entertain the same because it was filed beyond the statutory time limit as prescribed in paragraph 5 of the supplement to the Workmen's Compensation act, approved February 28th, 1918, chapter 149 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3889, § **236-42), as later amended.

In addition to oral argument, counsel have submitted briefs which have been carefully examined by me.

Briefly stated the material facts are essentially as follows: Petitioner met with an accident on October 10th, 1930, arising out of and in the course of his employment with the respondent, when he fell a distance of eighteen feet from a ladder, sustaining severe injuries to his right hip and pelvis. By the terms of a direct agreement entered into between the

parties, petitioner was paid compensation at the rate of $20 per week from October 10th, 1930, to April 1st, 1931, for temporary disability, and in addition thereto one hundred weeks at the same rate for partial permanent disability, based on twenty per cent. total and permanent disability. On February 3d, 1933, an original petition was duly filed by the petitioner, seeking further allowances of compensation and medical treatment, and setting forth that the last payment of compensation pursuant to the agreement was received in January, 1933. The respondent filed an answer, denying the petitioner's right to any further allowances of compensation and claiming that he had been fully and adequately compensated by the terms of the agreement. On May 23d, 1933, in due and regular course, the matter came on for hearing before Referee John C. Wegner at the Newark chambers of the workmen's compensation bureau, in the presence of the parties, their counsel and medical experts. When the case was called, respondent's attorney, Henry M. Grosman, made the following stipulation in open court (quoting from page 2 of the stenographic transcript of the testimony):

Mr. Grosman: "In this case the petitioner suffered an accident while employed by the respondent on October 10th, 1930. Compensation for temporary disability has been paid in full. In addition thereto the respondent has paid the petitioner compensation for partial permanent disability in the sum of twenty per cent. of total. This is an application for compensation for increased disability over and above that sum. The respondent contends that the petitioner has been fully compensated and that this petition should be dismissed."

The parties thereupon produced their medical experts— Dr. Charles Robbins appearing in behalf of the petitioner and Dr. Edward W. Markens in behalf of the respondent. Dr. Markens testified as follows (quoting from page 2 of the stenographic transcript of the testimony):

"I examined this man on July 6th, 1932, and at that time I felt that his disability was twenty per cent. of total and this case was disposed of on that basis. I have examined him twice since then and my findings were almost identical with my previous findings of July 6th, 1932. I am of the opinion

that this man has no increased disability since the time that this case was disposed of."

Dr. Robbins, taking the stand on behalf of the petitioner, testified as follows (quoting from page 3 of the stenographic transcript of the testimony):

"This man was examined by me in January and once in May and my findings were as those of Dr. Markens. I agree that there is a definite permanent disability of twenty per cent."

The petitioner also took the stand, and upon the entire testimony adduced, the referee made the following findings (quoting from page 5 of the stenographic transcript of the testimony):

"After listening to the testimony of the various doctors and the petitioner and the respondent, I feel that the petitioner has been amply compensated by a payment of twenty per cent. of total, and the petition is hereby dismissed."

In accordance with these findings, an order dismissing the petition was entered on May 23d, 1933, and signed by the referee. Upon the expiration of the time limit for an appeal or thirty days after the date of the order of dismissal, the respondent paid to the petitioner the sum of $850—no appeal having been taken by the petitioner. Nowhere in the record is there any explanation or mention made as to the purpose of the said payment, whether intended as further payment of compensation or a gratuity for which the respondent sought to buy its peace. On May 17th, 1935, the present petition was filed, entitled "Employe's Claim Petition for Compensation for Increased Disability," to which the respondent filed an answer denying petitioner's right to any further allowance of compensation.

In order to reach a proper solution of the issues raised by this motion, it is necessary to determine first whether the petition under attack is in the nature of an original claim petition for compensation or a supplemental petition seeking a review on the ground of increased incapacity; and secondly, whether the said petition was filed within the time period as provided by the statute.

Obviously it cannot be considered a supplemental petition seeking a review under the provisions of paragraph 21(f) either prior to or after the 1931 amendment, because there appears to be no previous petition upon which an award of compensation was recovered and which award alone could be the basis for the review as contemplated by the act. Nowhere in the act is there any provision permitting the filing of a subsequent petition for the purpose of reviewing an order dismissing a previous petition; the remedy alone is by appeal.

It necessarily follows that if the present petition is to be considered at all, it must be viewed in the light of an original petition, notwithstanding that a previous petition was dismissed after a hearing on the merits. Paragraph 5 of the supplement to the Workmen's Compensation act, approved February 28th, 1918, chapter 149 (*Cum. Supp. Comp. Stat. 1911-1924, p.* 3890, § \*\*236-46, 5), deals with the requisites and time periods for the filing of a formal petition. The decisive question is whether the petition *sub judice* meets the statutory requirements.

Paragraph 5, *supra,* as amended in 1931 (*N. J. Stat. Annual, p.* 537, § \*\*236-46, 5), provides as follows:

"Every claimant for compensation under the act to which this·act is a supplement, or its supplements or amendments, shall, unless a settlement is effected or a petition filed under the provisions of section four, file a petition in duplicate with the secretary of said bureau in his office, at the State House, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between such employer and such claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within two years after the last payment of compensation \* \* \*."

Prior to the 1931 amendment, the time period for filing a petition was limited to one year covering the three specific situations. Whether the present case is controlled by the

statute as it existed prior to or after the amendment cannot be decided because of the insufficiency of the proofs. The record fails to disclose the date on which the agreement was entered into between the parties, by the terms of which the respondent paid to the petitioner temporary disability compensation at the rate of $20 per week from October 10th, 1930, the date of the accident, to April 1st, 1931, and for permanent disability one hundred weeks at the same rate, based on twenty per cent. of permanent and total disability—whether the said agreement was made prior to or after April 27th, 1931, the effective date of the amendment. But assuming for the sake of argument that the case is controlled by the amended section extending the time period from one to two years, the petitioner must fail because the petition herein is filed clearly beyond the bounds of the statute. As will be noted, paragraph 5, *supra,* points to three, and only three, dates as setting in motion the running of the two-year periods: (a) the occurrence of the accident, not followed by any petition, or voluntary payment of compensation by the employer, or agreement for compensation; (b) failure of the employer in making payment after agreeing to do so; (c) cessation of payment by the employer either after agreement or voluntarily without agreement. Tested in this light, the present petition was not filed (a) within two years from the date of the accident; nor (b) within two years from the date of failure of the respondent in making payment of compensation pursuant to the agreement—there being no breach of the agreement as payment was made in full in accordance with the terms thereof; nor (c) within two years from date of cessation of compensation payments—the last payment of compensation having been made in January, 1933, pursuant to the agreement.

It may be well argued by the petitioner that the payment of $850, made by the respondent subsequent to the dismissal of the previous petition after a hearing on the merits and after the expiration of the statutory period for the filing of an appeal, extended the time for the running of the statute to two years from date of such payment. In support of such

argument petitioner relies upon the case of *Ecken* v. *O'Brien,* 115 *N. J. L.* 33; 173 *Atl. Rep.* 373—but there is no analogy between that case and the instant case. In the Ecken case the payment was made and intended as compensation with a stipulation that the petition be dismissed upon completion of payment. The rule is well settled that it is incumbent upon the petitioner to show that such payment was in fact made by the respondent in discharge of lawful compensation due him (petitioner) under the act. In this case, however, I find no evidence which would justify the inference that the said payment was made for that purpose. In order to find in favor of the petitioner, it would be necessary to speculate as to which one of several choices the said payment was actually made, viz.: (1) as payment of lawful compensation, (2) as reimbursement for medical treatment, or (3) as a gratuity for which petitioner forebore his right of appeal after hearing and dismissal of the previous petition. Of the three, it would appear that an inference holding the said payment was in discharge of lawful compensation is the least probable. See *Pathe Exchange Inc.,* v. *Court of Common Pleas of Hudson County,* 3 *N. J. Mis. R.* 652; 129 *Atl. Rep.* 468— affirmed by Court of Errors and Appeals, 102 *N. J. L.* 443; 131 *Atl. Rep.* 923—holding that reimbursement for traveling expenses and time lost in going to a physician is not in any sense payment of compensation within the meaning of the statute; also *Blackford* v. *Green,* 87 *N. J. L.* 359; 94 *Atl. Rep.* 401—affirmed, 89 *N. J. L.* 357; 100 *Atl. Rep.* 1069— holding payments in excess of compensation liability were either compensation for labor or benevolence.

The time period during which a petition may be filed under the act is jurisditional. See *Miller* v. *Beller Electric Supply Co.,* 100 *N. J. Eq.* 444; 136 *Atl. Rep.* 342. Where a statute, as here, gives a right of action which does not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right. It is a limitation of the liability itself, and not of the remedy alone; and as such must be strictly complied with.

For these reasons I hold that the filing of the present petition is clearly beyond the statutory time limit. The motion of the respondent is accordingly granted. An order in conformity with this opinion may be submitted.

JOHN J. STAHL,
*Deputy Commissioner.*