The only question presented is whether the petition for compensation under the Workmen's Compensation Act was filed within the time prescribed by law.
The accident and the injury to the employee's back occurred in September 1944. He received lamp treatments for his back *Page 74 
injury at the plant dispensary on September 11, 1944, and thereafter at frequent intervals until March 23, 1945, which was the last day of treatment. That all the treatments were for the back injury sustained in September appears to be conceded. He continued in the company's employ from the date of the injury until March 1946, and lost no time from his work. Petition was filed November 25, 1946.
R.S. 34:15-41 provides that claims for compensation shall be barred unless a petition is filed as prescribed by R.S.
34:15-51. R.S. 34:15-51 provides:
"Every claimant for compensation under article 2 of this chapter(Section 34:15-7 et seq.) shall, * * * file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter(Section 34:15-7 et seq.) shall constitute an agreement for compensation. * * *"
It is argued that the furnishing by the employer of medical treatment for the employee's injury is "payment of compensation", as these words are used in R.S. 34:15-51, and therefore this petition was filed within the third period provided therein, namely, "in case a part of the compensation has been paid, then within two years after the last payment of compensation." The question appears to be novel in this State. The difficulty in determining what is meant by "compensation" and "payment of compensation" as used in particular sections of the Workmen's Compensation Act and kindred acts and the different constructions given by our courts are attested by Oldfield v. New JerseyRealty Co., 1 N.J. 63, 61 A.2d 767 (1948); Harper v.New Jersey Mfrs. Casualty Ins. Co., 1 N.J. 93, 62 A.2d 135
(1948); Betsy Ross Ice Cream Co. v. Greif, 127 N.J.L. 323(Sup.Ct. 1941); Henry Steers, Inc. v. Turner, Etc. Co.,104 N.J.L. 189 (E. A. 1927).
We look first at the legislation. This third period for filing petition, now found in R.S. 34:15-51, came into our law first *Page 75 
in P.L. 1918, c. 149, sec. 5, which provided: "in case compensation has been paid by such employer, then within one year after the last payment of compensation." By P.L. 1921, c.229, sec. 1, "in case compensation" was changed to "in case a part of the compensation"; and by P.L. 1931, c. 280, sec.
1, "one year" was changed to "two years." When incorporated in the Revised Statutes, only editorial change occurred, by which "such employer" became "the employer." When this third period was introduced in 1918, the Workmen's Compensation Act, in section 14(a), provided:
"Compensation for all classes of injuries shall run consecutively and not concurrently, as follows: First two weeks, medical and hospital services and medicines, as provided in paragraph fourteen. After the first two weeks, compensation during temporary disability. Following both, either or none of the above, compensation consecutively for each permanent injury. Following any or all or none of the above, if death results from the accident, expenses of last sickness and burial. Following which compensation to dependents, if any. In no case shall the total number of weekly payments be more than four hundred."P.L. 1913, c. 174, sec. 4.
This provision of the 1913 Act is the source of R.S.
34:15-16, which now provides:
"Compensation for all classes of injuries shall run consecutively, and not concurrently, except as provided insection 34:15-15 of this Title, as follows: First, medical and hospital services and medicines as provided in said section
34:15-15. After the waiting period, compensation during temporary disability. If total period of disability extends beyond four weeks, compensation to cover waiting period. Following both, either or none of the above, compensation consecutively for each permanent injury. Following any or all or none of the above, if death results from the accident, expenses of last sickness and burial. Following which compensation to dependents, if any. * * *"
We note that, when "payment of compensation" was used in the 1918 Act, "compensation", by section 14(a) of the statute, included "medical and hospital services and medicines." "Payment" is defined in part by Webster's International Dictionary as "That which is paid; the thing given to discharge a debt or an obligation, or in fulfillment of a promise; pay; recompense, requital; return; as, a payment in kind." We conclude that when the third period was introduced in 1918, the *Page 76 
words "payment of compensation" were used in the light of section 14(a) of the Act as it then existed, and that it was intended that the furnishing of medical and hospital services and medicines by the employer would be considered "payment of compensation." The changes made since 1918 in these two sections, which we find to be related, have not changed this feature of their relationship. R.S. 34:15-51 and 34:15-16.
This conclusion receives some support from the dicta in theOldfield case above. There, the date of the last medical treatment was more than two years prior to the date of filing petition, but the employer paid the doctor for medical services furnished by the employer to the injured employee within two years of the date of filing petition, and the court held that the filing was not within time. It is to be noted, however, that Mr. Justice Case, speaking for the court, distinguished between the furnishing of medical treatment by the employer and the payment by the employer for medical treatment furnished by the employer; and, with reference to the furnishing, said: "We are of the opinion that the furnishing of medical treatment is in the nature of compensation and that it is the act of furnishing that attention which is given priority in the first part of" R.S.
34:15-16.
Although Benjamin Johnes v. Brabban, 90 N.J.L. 355 (Sup.Ct. 1917) has been cited to us by both employer and employee, we find that it sheds no light on our problem, because it dealt with the law as it existed prior to the 1918 addition of the third period.
Furnishing of medical services by the employer is generally held to be compensation or payment of compensation under workmen's compensation statutes in other states.
In Patti v. Knickerbocker Fireproofing Co.,20 N.E.2d 559 (1939) the Appellate Division of the New York Supreme Court, in construing a provision that an employer should be released after the lapse of three years from the date of the last payment of compensation, affirmed the award of the State Industrial Board, on the ground that the insurance carrier's action in furnishing claimant with a truss constituted a payment of compensation. A motion for leave to appeal from this judgment *Page 77 
was denied by the Appellate Division, and that order was affirmed by the Court of Appeals.
In Goodman Mfg. Co. v. Industrial Commission, 147 N.E. 394(Sup.Ct. of Ill. 1925), the statute required claim for compensation to be made within six months after the accident, or if payments have been made under the provisions of the act "within six months after such payments have ceased and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission." The court held that the furnishing of medical treatment by the company's doctor must be regarded as the payment of compensation under the Workmen's Compensation Act.
In Ketchell v. Wilson Co., 23 P.2d 488 (Sup.Ct. ofKan. 1933), the accident happened February 25, 1932. The employer furnished medical and hospital treatments; the last on August 26, 1932. Written claim was made to the Commissioner on September 9, 1932. The statute required the making of the written claim within 90 days. The employer contended that the last operation was furnished as a matter of charity and should not operate to toll the 90-day period within which the employee might make claim. The court held that the furnishing of medical and hospital treatments is payment of compensation, and written claim for compensation may be made within 90 days after medical and hospital aid is last furnished.
In Royal Indemnity Co. v. Industrial Commission, 293 P. 342(Sup.Ct. of Colo. 1930) the statute required notice claiming compensation to be given within six months after the injury, and continued "This limitation shall not apply to any claimant to whom compensation has been paid." The court held that the employer's furnishing of medical treatment constituted the receipt of compensation within the meaning of the statute and dispensed with the necessity of giving notice claiming compensation within the statutory period of six months after the injury.
In Oklahoma Furniture Mfg. Co. v. Nolen, 23 P.2d 381(Sup.Ct. of Okla. 1933), the accident happened September 10, 1931; claimant continued on the job at regular wages, losing no time from work by reason of the injuries, but continued to *Page 78 
receive medical treatment furnished by the employer and insurance carrier until October 14, 1931. No compensation was paid claimant and he did not file a written claim for compensation until October 7, 1932. The statute provided "The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission." The court held that the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation and is sufficient to toll the statute.
We note that in Marshall v. Pletz, 317 U.S. 383 (1942), the United States Supreme Court held that the furnishing of medical care to the employee, up to a time within a year of the presentation of his claim, was not payment of compensation within the meaning of section 13(a) of the Longshoremen's and Harbor Workers' Compensation Act. However, in this Federal Act there is a section devoted to definitions in which compensation is defined as "the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeralbenefits provided therein." (Italics Ours.)
We conclude, therefore, that the petition in this case was filed within the third period of time provided by R.S.
34:15-51, because the last medical treatment furnished by the employer for the particular injury constituted the last payment of compensation; and, consequently, the petition was filed within two years after the last payment of compensation.
 The judgment is affirmed. *Page 79