16 N.J. Super. 154 (1951)
84 A.2d 40
ANN BOCCHINO, PETITIONER-APPELLANT,
v.
BEST FOODS, INC., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided October 18, 1951.
*155 Mr. Rosario S. Mazzola, attorney for petitioner-appellant.
Mr. James J. Skeffington (Mr. William J. Weliky, appearing), attorney for respondent-appellee.
DUFFY, J.C.C.
An appeal having been taken by the petitioner-appellant from a determination of facts and order of dismissal of the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, and an order fixing time and place for hearing having been entered by this court, and briefs and oral arguments having been submitted by the respective parties, I find and determine as follows:
The question presented for decision on this appeal is whether the petition for compensation under the Workmen's Compensation Act was filed within the time prescribed by law and, incidentally thereto, whether the respondent is precluded from setting up the jurisdictional defense of the two-year limitation period because it failed to include such defense in its answer.
*156 The facts, except in one detail, are not controverted. On February 9, 1948, petitioner sustained an injury by accident arising out of and in the course of her employment with respondent. Her petition for compensation was filed on July 14, 1950. At the hearing below, preliminarily, the respondent moved to dismiss the petition on the ground that it was not filed within two years from the date of the last medical treatment. The deputy director reserved decision on the motion and directed that testimony be taken on the question as to whether a physical examination of the petitioner on September 17, 1948, by a company doctor constituted treatment so as to toll the statutory period of two years. He also permitted respondent to amend its answer and set up the limitation period as a defense.
Petitioner testified that she was treated by Dr. Benjamin, a company doctor, beginning on April 10, 1948, and continuing for several months. She stated that the treatments consisted of heat lamp applications and massage. She made her last visit to Dr. Benjamin on June 19, 1948, at which time the doctor explained that he was going on his vacation the next day. On September 17, 1948, at the suggestion of "the company insurance man" she visited Dr. George, a company doctor, in Newark. She testified, "He examined me and treatment. He work on me about three-quarters of an hour." She further stated, "Well, when he got through with me, Lawyer, he told me, he asked me, do I have the lamp now. I told him yes. He told me to use it every day about fifteen to twenty minutes for a month."
Dr. Melbourne George, testifying for respondent, denied rendering or recommending any treatment to petitioner and insisted that the visit on September 17 consisted only of an examination. He admitted that petitioner was disabled at the time of his examination but expressed his opinion that no further treatment would likely benefit her since her condition was then fixed with a disability that was of a permanent character.
*157 The record also discloses that immediately after the accident petitioner was treated by a Dr. Harvey, a company physician, and when she failed to respond to his treatments she placed herself under the care of her own private physician, a Dr. Linden. However, the company advised her that it would not be responsible for any bill for services rendered by Dr. Linden and recommended that she go to Dr. Benjamin for treatment at its expense. As was stated earlier, this she did on April 10, 1948.
At the close of the hearing below the deputy director dismissed the petition.
Referring to petitioner's contention that respondent's defense of the two-year limitation period should be suppressed for failure to set it up in the answer, I point out that R.S. 34:15-27, 34, 41 and 51 designate the periods of time within which claims for compensation must be filed. It has been held repeatedly that the Bureau has no jurisdiction to hear a claim petition filed beyond the designated times, Benjamin & Jones v. Brabban, 90 N.J.L. 355 (Sup. Ct. 1917), affirmed 92 N.J.L. 508 (E. & A. 1918). In Valentine v. Walter Kidde & Co., 136 N.J.L. 292 (Sup. Ct. 1947), Mr. Chief Justice Case held that the statutory time for filing the compensation petition is jurisdictional and the failure to file the petition within the statutory period bars the proceedings.
There is no requirement that a jurisdictional defense be set up in the pleadings. As stated by Mr. Justice Donges in Brown v. Allied Plumbing & Heating Co., 130 N.J.L. 487 (E. & A. 1943): "It is well settled in this state that jurisdiction over the subject matter may not be conferred by consent or by waiver, where the tribunal otherwise has no jurisdiction over the subject matter." In State v. Shupe, 88 N.J.L. 610 (E. & A. 1916) the question of jurisdiction was first raised in the appellate court.
After careful review of the evidence it is my opinion that in the instant case petitioner received treatment from Dr. George rather than a mere examination. See the recent case, *158 Sampson v. Thornton, 14 N.J. Super. 353 (App. Div. 1951). In reaching this conclusion I am guided by the fact that in September, 1948, petitioner had already been under the care of and received treatments from two company doctors (Harvey and Benjamin) for approximately four months and that she had not yet filed a formal petition for compensation. Obviously respondent needed no further examination when it already had reports from two of its treating physicians. Moreover, neither the respondent, nor its insurance carrier nor Dr. George made any explanation to petitioner that her visit to Dr. George on September 17, 1948, was for a more limited purpose, namely, examination only, as distinguished from the visits she had made on many other occasions to Dr. Harvey and Dr. Benjamin for treatment at the suggestion of respondent or its insurance carrier. I find that the visit to Dr. George constituted a medical treatment furnished by the employer and thus a payment of compensation. The present petition was therefore filed within the time prescribed by law, Donsher v. American Steel & Wire Co., 2 N.J. Super. 72 (App. Div. 1949).
It is on this 18th day of October, 1951, ordered that this action be remanded to the Department of Labor and Industry, Division of Workmen's Compensation for determination of the extent of this petitioner's disability.