23 N.J. Super. 465 (1952)
93 A.2d 60
LOUIS RICCIONI, PETITIONER,
v.
AMERICAN CYANAMID COMPANY, RESPONDENT.
Superior Court of New Jersey, Somerset County Court Law Division.
Decided November 26, 1952.
*466 Messrs. Parsonnet, Weitzman & Oransky, attorneys for petitioner (Mr. William D. Mungle, of counsel).
*467 Messrs. Wharton, Hall & Stewart, attorneys for respondent (Mr. Frederick W. Hall and Mr. A. Arthur Davis, 3rd, of counsel).
ARTHUR B. SMITH, J.C.C.
The deputy director who heard this matter in the Division of Workmen's Compensation concluded that petitioner's claim for compensation was not filed within the time required by statute; that the voluntary payment of medical expenses by the respondent did not cause a revival of petitioner's already lost cause of action, and that the Workmen's Compensation Division was without jurisdiction to entertain petitioner's claim. The claim petition was therefore dismissed.
The facts are not in dispute. It was agreed by both parties and found by the deputy director and this court finds the following facts: The petitioner suffered an accident arising out of and in the course of his employment on December 7, 1942. After the accident the respondent furnished three or four medical treatments to petitioner, the last on December 14, 1942. Petitioner lost no time from his work and continued his employment regularly with the respondent until he had an epileptic seizure, for which he obtained treatment, in the year 1948. He was suspended from his work on June 23, 1948 and did not return to his work until November 21, 1948. During this period of time he applied for and was paid accident and health insurance benefits on the basis of a non-compensable condition. On respondent's application an order was entered in the Division of Workmen's Compensation on November 19, 1948, pursuant to the provisions of R.S. 34:15-16, permitting the respondent to pay the cost of certain medical treatment necessitated by the petitioner's epileptic seizures, which costs had been incurred by the petitioner during the aforementioned absence from work and without any request to respondent to furnish such treatments. This order, as permitted by the statute, reserved the respondent's defenses in connection therewith, and particularly the defense of jurisdictional limitation. *468 The respondent thereupon paid these expenses. Subsequently, in the months of May and June 1949 respondent, at petitioner's request and without the benefit of any such order, paid certain bills for additional medical treatments obtained by petitioner, again without any request to respondent to furnish treatment. Petitioner was again suspended from work on July 20, 1949 and has not worked for respondent since. He has been paid private plan disability benefits, plus supplemental coverage, for the period from July 20, 1949 through January 25, 1950. Such payments were also made on the basis of a non-compensable condition. Respondent acknowledged that in March 1950 petitioner was suffering from the effects of a post-traumatic epilepsy as a result of the December 1942 accident. That he is totally and permanently disabled is not disputed.
Petitioner's claim petition in this action was not filed until November 23, 1949. In this posture of admitted and determined facts the deputy director found the sole question for determination to be whether petitioner's claim petition, based on the accident of December 7, 1942, had been filed within the time required by the provisions of R.S. 34:15-41 and R.S. 34:15-51. The deputy director found adversely to the petitioner and he appeals to this court from the finding of facts, determination and order of dismissal.
The provisions of R.S. 34:15-51, insofar as they are here pertinent, require the claimant to file his petition either "within two years after the date on which the accident occurred * * * or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation." R.S. 34:15-41 provides that "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed * * * as prescribed by section 34:15-51 of this title."
Petitioner's claim petition was not filed until almost seven years after the date of the accident and after the date when the last medical treatment was furnished by the respondent, *469 but within less than one year after the respondent had paid for certain medical treatments which had been obtained by the petitioner without any request to the respondent to furnish such treatments.
It is obvious that under the statutory provisions last cited the petitioner's claim for compensation became "forever barred" in the month of December 1944, two years after the happening of the accident or after the date on which the last medical treatment was furnished by the respondent to the petitioner. His claim, then, had been "forever barred" for almost four years when respondent, in November 1948, made the first payment for medical treatments obtained by petitioner; for more than four years when respondent made the second and third such payments, and for almost five years when petitioner's claim petition was filed in November, 1949.
The question here to be resolved is whether the payments voluntarily made by respondent for medical treatments obtained by the petitioner were efficacious to revive a claim which had then been already "forever barred" for approximately four years. Only if this question can be affirmatively answered can it be held that the claim petition was filed within time and that the Division of Workmen's Compensation had jurisdiction to entertain the claim.
That medical treatment of an injured employee, furnished and paid for by his employer, constitutes "payment of compensation" within the provisions of R.S. 34:15-51 appears to be well settled. Sampson v. Thornton, 10 N.J. Super. 426 (Cty. Ct. 1950), reversed on other grounds 14 N.J. Super 353 (App. Div. 1951), affirmed 8 N.J. 415 (1952); Oldfield v. New Jersey Realty Co., 1 N.J. 63, 67 (1948); Donoher v. American Steel & Wire Co., 2 N.J. Super. 72 (App. Div. 1949); Jensen v. Wilhelms Construction Co., 18 N.J. Super. 372 (App. Div. 1952); Bocchino v. Best Foods, Inc., 16 N.J. Super. 154 (Cty. Ct. 1951). Whether voluntary payment by the employer for medical treatment previously obtained by the injured employee, and *470 which the employee did not request the employer to furnish, may also constitute "payment of compensation" within the provisions of the last cited statute may not be so settled. See Oldfield v. New Jersey Realty Co., supra, and Donoher v. American Steel & Wire Co., supra. If the circumstances which prevailed at the time the employer voluntarily paid for the cost of such treatment were such that the employee could have compelled his employer to pay therefor under the provisions of the Workmen's Compensation Act, then, following the reasoning employed in Betsy Ross Ice Cream Co. v. Greif, 127 N.J.L. 323 (Sup. Ct. 1941), it might be concluded that such payment made by the employer would constitute "payment of compensation" within the meaning of the statute. However, the solution of this question is not deemed necessary to the proper decision of this case and, therefore, no attempt will be made to solve it here.
It is firmly established in this state that the Division of Workmen's Compensation has no jurisdiction to entertain a claim petition filed after the expiration of the time designated in the Workmen's Compensation Act; that the filing thereof within the time fixed by the statute is jurisdictional and the failure to file within the statutory period bars the proceeding. Valentine v. Walter Kidde & Co., 136 N.J.L. 292 (Sup. Ct. 1947); Bocchino v. Best Foods, Inc., supra; Miller v. Beller Electric Supply Company, 100 N.J. Eq. 444 (Ch. 1927); Smith v. Klemm, 14 N.J. Misc. 665, 670 (Dept. of Labor, 1936), reversed on other grounds 118 N.J.L. 471 (Sup. Ct. 1937).
No claim petition having been filed by the petitioner within two years after December 1942, the month in which the accident occurred and in which the last medical treatment was furnished by the respondent, the Division of Workmen's Compensation lost, in December 1944, jurisdiction over any proceeding which might theretofore have been instituted by the filing of a claim petition in petitioner's behalf. Jurisdiction over the subject matter may not be conferred by consent or by waiver, where the tribunal otherwise *471 has no jurisdiction over it. Brown v. Allied Plumbing & Heating Co., 130 N.J.L. 487 (E. & A. 1943); Bocchino v. Best Foods, Inc., supra. It seems to necessarily follow that the voluntary payments made by the petitioner in the latter part of 1948 and the early part of 1949 cannot be construed as having, by consent or waiver, conferred upon the Division of Workmen's Compensation some jurisdiction over this subject matter which that tribunal did not then otherwise possess. It may be well to here note that at the time of making of the order of November 19, 1948, the Division lacked jurisdiction to act in the matter. That circumstance, however, in nowise affects the rights or liabilities of these parties.
The state of Kansas has a compensation statute containing provisions (G.S. 1935, 44-520a) somewhat comparable to our R.S. 34:15-41 and 34:15-51 and providing, in part, that "no proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer * * * in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation * * *." In that state, as here, it has been held that the statutory limitation of time for filing a claim is jurisdictional and a condition precedent to the right to maintain an action thereunder (Long v. Watts, 129 Kan. 489, 283 P. 654 (Sup. Ct. 1930)), and that the furnishing of or payment for medical attention is tantamount to payment of compensation (Richardson v. National Refining Co., 136 Kan. 724, 18 P.2d 131 (Sup. Ct. 1933)). In the case of Graham v. Pomeroy & Graham, 143 Kan. 974, 57 P.2d 19 (Sup. Ct. 1936) it was said:
"When the time provided by statute within which to file a claim for compensation has passed, the right to recover compensation under the statute is lost and cannot be revived by subsequent voluntary payments of compensation by the employer."
In accord with that pronouncement are the cases of Smith v. Sonken-Galamba Corporation, 149 Kan. 693, 88 P.2d *472 1114 (Sup. Ct. 1939); Pittman v. Glencliff Dairy Products Co., 154 Kan. 516, 119 P.2d 470, 144 A.L.R. 600 (Sup. Ct. 1941), and Solorio v. Wilson & Co., 161 Kan. 518, 169 P.2d 822 (Sup. Ct. 1946). Under the same jurisdictional theory of the statute, the same rule prevails in Louisiana and Oklahoma. Brister v. Wray, Dickinson Co., Inc., 183 La. 562, 164 So. 415 (Sup. Ct. 1935) and Vaughan v. Shell Pipe Line Corp., 204 Okla. 175, 228 P.2d 180 (Sup. Ct. 1951). Petitioner has not advanced any persuasive reason why the same rule should not prevail in New Jersey.
Whatever jurisdiction the Division has in any case must be found to have been conferred upon it by statute. Petitioner urges that the provisions of R.S. 34:15-16, as amended by L. 1945, c. 74, should be construed as giving to or reviving in the Division jurisdiction over claims where the liability of the employer has ceased to exist by the expiration of the limited period of liability fixed by the statute. It is by no means clear that this was the result intended to be accomplished by the 1945 amendment. If such were intended, the statute should be so clearly worded as to apprise an employer of the fact that any payment voluntarily made to an injured employee, after his liability had terminated, would give rise to a new liability. In Fischbein v. Real Estate Management, Inc., 131 N.J.L. 495 (Sup. Ct. 1944), affirmed 132 N.J.L. 418 (E. & A. 1945), it was held that in order for a payment made by an employer to an employee to have the effect of extending the limitation period fixed by the statute, it must be made with the thought in the mind of the employer that it was not merely beneficial aid to an ill employee but made in accordance with or required by the compensation act. This holding points up the necessity for requiring that a statute should not be construed as imposing a new liability upon an employer as a result of his voluntary acts unless the language of the statute clearly requires such a construction. The statute as amended in 1945 does not clearly purport to extend jurisdictional limitations. When viewed in the light of the law of such limitations, *473 the purpose appears to be to permit an employer to furnish an injured employee with additional medical treatment after all compensation has been paid before the two-year limitation period has expired, without thereby imposing a new liability upon him by thereupon starting a new two-year period. Such a construction is beneficial to the employee. It serves to remove the reluctance which an employer might otherwise have to provide additional treatment in cases where the right to or necessity for such treatment might be doubtful. It may well have been designed to take care of just such situations as were used in the Betsy Ross Ice Cream Co. and Donoher cases, supra, to subject the employer to additional claims and litigation. There is no language employed in the statute clearly indicating an intention by the Legislature to enlarge the jurisdiction of the Workmen's Compensation Division in the manner contended for by the petitioner.
In Nagy v. Ford Motor Co., 6 N.J. 341 (1951), the Supreme Court held that the Compensation Bureau is a creature of the workmen's compensation statute and its jurisdiction is special and limited, and where there is reasonable doubt of existence of a particular power that power will be denied. Although it seems unnecessary to apply this rule in reaching a decision, the application thereof to the instant case requires a denial of the statutory construction contended for by the petitioner.
Petitioner places some reliance upon the Betsy Ross Ice Cream Co. case, supra. In that case the appliances for which the employer reimbursed the employee were furnished well within the period of two years after the date of the accident, and the court at least twice mentioned that the service or appliance for which reimbursement was made must be such as the employer could have been compelled to provide or pay for under the statute. The medical treatments for which respondent here reimbursed the petitioner were not obtained by the petitioner within two years after the date of the accident or within two years after the date when the respondent *474 last furnished medical treatment to the petitioner. The respondent was not required under the statute to furnish those medical treatments, nor could the petitioner have compelled the respondent to pay therefor. The cited case provides no support for the petitioner's claim. It is interesting to note that in the Fischbein case, supra, the court relied upon the Betsy Ross Ice Cream Co. case in holding that the petition was not filed in time, since the voluntary payments of salary were not payments that could have been required of the employer under the compensation statute.
Petitioner also relies upon City of Paterson v. Smith, 126 N.J.L. 571 (Sup. Ct. 1941). It is not possible to accurately determine from the reported opinion just what question the court was called upon to determine. Resort to the record and briefs filed in the appeal discloses that the only point argued on the question of limitation was the city's contention that the widow's action for dependency benefits was barred because her claim petition was not filed within two years after the accident which resulted in her husband's death, and that the payment to the injured employee during his lifetime of an award for permanent disability made as a result of an informal hearing did not constitute a payment of compensation to the petitioner, i.e., the widow, in the death action so as to extend the statutory period. It appears, therefore, that what the court actually decided was simply that the payment of compensation to the deceased employee was the equivalent of payment to the petitioner, his widow, and that the filing of her petition within two years after the last payment of compensation to him was within the time required by the statute. No question was raised as to whether the employer's liability had terminated prior to the institution of the proceedings which resulted in an informal hearing and award and the payment thereof. The theory of revival of an action which had ceased to exist was not mentioned in the briefs and does not appear to have been considered by the court. The case, therefore, is no authority for the theory advanced by the petitioner here.
*475 It is concluded that the payments voluntarily made by respondent to petitioner for medical treatment obtained by petitioner approximately four years after petitioner's claim had been "forever barred" under the statute did not constitute a "payment of compensation" within the meaning of the statute and did not revive petitioner's lost claim. Petitioner's claim petition was not filed within the time required by the statute in order to give the Division of Workmen's Compensation jurisdiction over the subject matter and the deputy director correctly dismissed the petition. A judgment in keeping with these findings and conclusions may be submitted.