SALLY KAWKO, PETITIONER-DEFENDANT, v. HOWE & COMPANY, RESPONDENT-PROSECUTOR.

Argued October 6, 1942—Decided January 7, 1943.

Before Justices CASE, DONGES and COLIE.

For the petitioner-defendant, *Charles S. Witkowski.*

For the respondent-prosecutor, *McCarter, English & Egner* (*Verling C. Enteman* and *Nicholas Conover English*).

The opinion of the court was delivered by

CASE, J. The single question is whether the following provision in the Workmen's Compensation Act is constitutional as against an individual non-resident employer:

*R. S.* 34:15-55.1. "Any person or firm, not a resident of this state, or any corporation not licensed to do business in

this state, who shall employ any person to perform work, labor or services within this state shall be deemed by the accepting of the privilege of engaging in such work, labor and services by its employees to make, constitute and appoint the secretary of the workmen's compensation bureau as his or its agent for the acceptance of process in any proceeding by any such employee or dependent or representative of such employee, under and by virtue of this chapter; and the acceptance of such privilege or the entering into this state for the purpose of engaging in such employment shall be a signification of such employer, his or its agreement that any such process issued against him or it, which is so served, shall be of the same legal force and validity as if served upon him or it personally.

"Service of such process shall be made by leaving a copy of the petition with the secretary of the bureau, or someone designated by him in his office, and such service shall be sufficient service upon such non-resident employer; provided that notice of such service and a copy of the petition are forthwith sent by registered mail to the respondent to the address stated in such petition, by the secretary of the bureau, or such person acting for him in his office, and the respondent's return receipt and the affidavit of the secretary of the bureau, or such person in his office acting for him, of the compliance therewith are appended to such petition and filed in the office of the secretary of the bureau wherein such action may be pending; provided, also, that the date of the mailing and the date of the receipt of the return card aforesaid are properly indorsed on such petition and signed by the secretary of the bureau, or someone acting for him. * * *"

Phil Howe, an individual, trading as Howe & Company and a resident of the State of Washington, came into the State of New Jersey and here entered into a contract of employment with Sally Kawko, a resident of this state. Miss Kawko suffered within this state an injury arising out of and in the course of that employment. She filed a claim in the Workmen's Compensation Bureau. Service was made upon Howe as a non-resident employer in accordance with

the direction of the statute. It is conceded, in so far as this proceeding is concerned, that the statute was complied with in all respects and that Howe actually received a copy of the claim by registered mail from the secretary of the Workmen's Compensation Bureau. Howe went into the Bureau on his rule to show cause why Miss Kawko's petition should not be dismissed and is now before us as prosecutor of a writ of *certiorari* to review the discharge of the rule. He contends that because of the due process clause in the Fourteenth Amendment of the Federal Constitution a state tribunal may not fasten personal liability upon a non-resident individual who has not been personally served with process within the territorial limits of the state. His reliance is upon *Pennoyer* v. *Neff,* 95 *U. S.* 714; 24 *L. Ed.* 565, and other holdings following in the train of that decision.

In our opinion the argument is not sustained. The point of divergence between this case and the principle upon which prosecutor rests is made clear in the leading case cited by him. Mr. Justice Field said in *Pennoyer* v. *Neff, supra:*

"Neither do we mean to assert that a state may not require a non-resident * * * making contracts enforceable there, to appoint an agent or representative in the state to receive service of process and notice in legal proceedings instituted with respect to such * * * contracts, or to designate a place where such service may be made and notice given, and provide, upon their failure, to make such appointment or to designate such place that service may be made upon a public officer designated for that purpose, or in some other prescribed way, and that judgments rendered upon such service may not be binding upon the non-residents both within and without the state. As was said by the Court of Exchequer in *Vallee* v. *Dumergue,* 4 *Exch.* 290, 'It is not contrary to natural justice that a man who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed, even though he may not have actual notice of them.' "

The authority of a state legislature either to require the designation, by the person to be affected, of a local agent for

the service of process or itself to designate, by statute, an agent for the service of process, has been applied in this state to the instances of a foreign corporation and of non-resident owners and non-resident operators of automobiles. The factor upon which the courts have sustained that character of service in those cases is, we believe, present in the case before us, and that is the doing by the grace of the legislature of that which is within the power of the legislature to forbid except upon conditions. For an elaboration of the theory upon which the practice is lawfully made to apply to corporations see *Washington* v. *Superior Court,* 289 *U. S.* 361; 77 *L. Ed.* 1256; likewise as to non-resident motorists see *Kane* v. *New Jersey,* 242 *U. S.* 160; 61 *L. Ed.* 222; *Hess* v. *Pawloski,* 274 *U. S.* 352; 71 *L. Ed.* 1091; *Wuchter* v. *Pizzutti,* 276 *U. S.* 13; 72 *L. Ed.* 446.

When Howe came into this state and voluntarily entered into a contract of employment he at once became subject to the provisions of the Workmen's Compensation Acts as fully as though he were a resident here; and one of those provisions (*R. S.* 34:15-9), in the absence of a reservation or a notice, neither of which was present in this case, raised the conclusive presumption that the parties had accepted the provisions of article 2 and agreed to become bound thereby; and it was not necessary for the contract of employment to have been made in this state; the elective provisions are invoked when the work is done here without one of the statutory reservations. *American Radiator Co.* v. *Rogge,* 86 *N. J. L.* 436; *affirmed,* 87 *Id.* 314. Article 2 embraced the compensation scheme upon which the claim is based; it also contained this provision: *R. S.* 34:15-22. "Procedure in case of dispute shall be in accordance with article 4 of this chapter (sections 34:15-49, *et seq.*)." Section 34:15-55.1, *supra,* is within article 4 and therefore is plainly a provision to which prosecutor assented by statutory direction when he entered into the contract of employment.

The disputed provision was modeled upon *R. S.* 39:7-2 and 39:7-3 wherein authority is given for service in damage suits upon non-resident operators or owners of automobiles by leaving the process with the Commissioner of Motor Vehicles.

The United States Supreme Court in *Kane* v. *New Jersey*, *supra*, upheld chapter 304 of *Pamph. L.* 1908, which required a non-resident owner to register his automobile for passage through this state and to appoint the Secretary of State his attorney upon whom process might be served in any action. Chapter 232 of the Pamphlet Laws of 1924 provided that any non-resident owner who accepted the privilege extended to such an owner of driving a motor vehicle in this state without a registration should, by such acceptance and operation, constitute the Secretary of State his agent for the acceptance of process and that civil process could lawfully be served upon such non-resident owner in an action arising out of a collision or accident; the statute provided no means of actually giving notice of the service to the owner and the United States Supreme Court held in *Wuchter* v. *Pizzutti*, *supra*, that inasmuch as the statute did not make provision for communication to the proposed defendant, such as to create a reasonable probability that he would be made aware of the bringing of the suit, the statute was invalid as contrary to the due process clause of the amended federal constitution. Nevertheless the court reiterated that that which it had said in *Hess* v. *Pawloski, supra*, namely, that it is a valid exercise of the power of a state, because of its right to regulate the use of its highways by non-residents, to declare, without exacting a license, that the use of the highway by the non-resident may, by statute, be treated as the equivalent of the appointment by him of a state official as agent on whom process in such a case may be served, adding, however, that "Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant." Our motor vehicle statute was amended to conform to the course so suggested. *R. S.* 39:3-15; *R. S.* 39:7-2, *et seq*. We believe that those provisions now conform to due process; indeed, they have been so held. *Cohen* v. *Plutschak* (*D. C., D. of N. J.*), 40 *Fed. Rep.* (2d) 727.

Applying the foregoing principles, the questions seem to be: (1) Did our legislature have the right to prevent Howe from doing in this state that which he did? For if the right existed to exclude Howe from the course of conduct he here pursued, then, clearly, we believe the legislature was authorized in imposing a reasonable limitation. (2) Was the provision as to service a reasonable limitation? (3) Did it incorporate a requirement for reasonable notice to the proposed defendant?

(1) The burden placed by the Workmen's Compensation Statute upon a non-resident employer is no greater than that placed upon all resident employers. The substantive obligation is the same. The resident employer may, of course, be reached by ordinary process; the non-resident employer may not. And therein lies an inequality which weighs heavily upon an injured workman of the non-resident employer; so heavily indeed that the whole compensation scheme would break down as against a non-resident employer and thus, to that extent, a social and industrial movement that was inaugurated and is maintained as a part of the public policy of the state, *King* v. *Western Electric Co.*, 122 *N. J. L.* 442; *affirmed*, 124 *Id.* 129, namely, imposing upon industry the burden of care as regards its disabled servants, would be thwarted. If that could happen in New Jersey, it could happen in any jurisdiction where comparable conditions exist, and it is a development not to be lightly regarded. Not only does the cited portion of our compensation statute turn upon an assumed contract between the employer and the employee, but the relationship itself is, by its inherent qualities, one of contract. As with the substantive, so with the procedural portions of the statute; the disputed provision as to service does not place upon non-residents a burden which does not rest equally upon residents. It was, we conceive, within the legislative power to provide that in order to effectuate our established public policy no one beyond the reach of personal service should here enter, as employer, into a contract of employment or should cause an employee to enter here upon an act of employment unless he should designate someone within the jurisdiction upon whom service at the

suit of an employee injured in the employment might be made. If that legislative authority existed, then, within the holdings in the Kane and the Wuchter cases, *supra,* there was, we believe, the further authority to waive designation by the employer himself and to make statutory provision in that respect. (2) What we have already said carries with it the implication that if the legislature had the right to impose a condition upon the making of a contract of employment, it was a reasonable condition to require a designation of someone to receive service and, in the absence of such legislative restraint, to provide that the act of an employer in making a contract of employment shall be taken as a designation of the secretary of the Workmen's Compensation Bureau as his agent for the acceptance of process in any proceeding by an employee. See *Pennoyer* v. *Neff, supra.* (3) The Workmen's Compensation Act required, *R. S.* 34:15-51, that the petition (which, together with the notice annexed thereto, takes the place of the ordinary summons) should state the address of the defendant; and that section and *R. S.* 34:15-55.1, set out *supra,* make clear that reasonable notice, in accordance with the Wuchter and the Hess cases, *supra,* is required by the statute.

We conclude that *R. S.* 34:15-55.1 does not violate the requirements of due process. The order under review will be affirmed, and the writ of *certiorari* will be dismissed, with costs.