25 N.J. Super. 241 (1953)
95 A.2d 921
GEORGE E. HALLORAN, PETITIONER-RESPONDENT,
v.
MINNIE Z. HAFFNER, SOLE SURVIVING DEVISEE AND EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF CHARLES C. HAFFNER, DECEASED, AND MINNIE Z. HAFFNER, INDIVIDUALLY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1952.
Decided March 18, 1953.
*242 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Merritt Lane, Jr., argued the cause for respondent-appellant (Messrs. McCarter, English & Studer, attorneys for respondent-appellant, appearing solely for the purpose *243 of contesting the jurisdiction of the Division of Workmen's Compensation, Department of Labor and Industry).
Mr. Isidor Kalisch argued the cause for petitioner-respondent (Messrs. Kalisch & Kalisch, attorneys; Mr. Harry Kalisch, of counsel).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On April 18, 1951 George E. Halloran, a resident of New Jersey, filed a claim petition with the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry, in which he sought compensation for injuries he sustained in an accident which occurred on September 13, 1950 in Rockland, Maine, while he was working on the roof of his employer's cottage. Service was made upon the respondent as a nonresident employer in accordance with the provisions of R.S. 34:15-55.1 (as amended L. 1945, c. 74, § 15). The nonresident employer appeared solely for the purpose of contesting the jurisdiction of our Division of Workmen's Compensation and moved to dismiss the petition on two grounds: (1) that the respondent was not served personally in the State of New Jersey, and (2) that the purported service of the said petition deprived the respondent of her rights guaranteed by the Constitution of the United States. After hearings, the Deputy Director of our Division of Workmen's Compensation made the following findings:
"1. The contract of employment between petitioner, a resident of New Jersey, and the respondents, not residents of New Jersey, was made at the New Jersey home of the respondents located at Allenhurst, New Jersey, on June 15th, 1950.
2. Under the terms of the employment contract, petitioner was to drive respondents' automobile for them for such purposes as respondents required, and was likewise to act and did so act as a handyman about respondents' home in Allenhurst, until respondents determined to drive to another home owned by them in Maine, on which trip petitioner was to be the chauffeur and upon arrival in Maine to continue to act as chauffeur and handyman about respondents' premises there; petitioner's services, pursuant to the engagement were rendered at Allenhurst, New Jersey, for a period of approximately *244 2 weeks, and then he drove the respondents to the latters' home in Maine, and whilst there, acting as handyman about the premises of the said respondents, he suffered the injuries culminating in this action for compensation.
3. The service made on the respondent through the Secretary of the Division of Workmen's Compensation, Department of Labor and Industry of the State of New Jersey is constitutional and proper.
4. The Workmen's Compensation Division of the Department of Labor and Industry of New Jersey has jurisdiction of the subject matter as well as the parties involved."
The motion to dismiss the petition was denied and the employer appeals. The employer argues that "Revised Statute 34:15-55.1 violates the due process clause of the Fourteenth Amendment of the Constitution of the United States as that statute is applied to a nonresident individual employer." This statute in pertinent part provides:
"Any employer, not a resident of this State, or any employer not licensed to do business in this State, or any resident employer who becomes a nonresident of this State after the occurrence of an injury to an employee, who shall employ or who shall have employed any person to perform work, labor or services within this State shall be deemed by the accepting of the privilege of engaging in such work, labor and services by his or its employees to make, constitute and appoint the secretary of the workmen's compensation bureau as his or its agent for the acceptance of process in any proceeding by any such employee or dependent or representative of such employee, under and by virtue of this chapter; and the acceptance of such privilege or the entering into this State for the purpose of engaging in such employment shall be a signification of such employer that any such process issued against him or it, which is so served, shall be of the same legal force and validity as if served upon him or it personally.
Service of such process shall be made by leaving a copy of the petition with the secretary of the bureau, or some one designated by him in his office, and such service shall be sufficient service upon such nonresident employer; provided, that notice of such service and a copy of the petition are forthwith sent by registered mail to the respondent to the address stated in such petition, by the secretary of the bureau, or such person acting for him in his office, and the respondent's return receipt and the affidavit of the secretary of the bureau, or such person in his office acting for him, of the compliance therewith are appended to such petition and filed in the office of the secretary of the bureau wherein such action may be pending; provided, also, that the date of the mailing and the date of the receipt of the return card aforesaid are properly indorsed on such petition and signed by the secretary of the bureau, or some one acting for him."
*245 In Kawko v. Howe & Co., 129 N.J.L. 319 (Sup. Ct. 1943), R.S. 34:15-55.1 was attacked as unconstitutional on the ground that a state tribunal may not fasten personal liability upon a nonresident individual who has not been personally served with process within the territorial limits of the State because of the due process clause in the Fourteenth Amendment of the Federal Constitution. Our former Supreme Court there held:
"It was, we conceive, within the legislative power to provide that in order to effectuate our established public policy no one beyond the reach of personal service should here enter, as employer, into a contract of employment or should cause an employee to enter here upon an act of employment unless he should designate someone within the jurisdiction upon whom service at the suit of an employee injured in the employment might be made,"
and, further, that the Legislature had the "authority to waive designation by the employer himself and to make statutory provision in that respect." The court also held that the provision as to service contained in this statute is a reasonable limitation and that the service provision incorporates a requirement for reasonable notice to the nonresident employer.
In order to avoid the effect of the decision in the Kawko case, the employer argues first that we should not follow it, because "it did not give due consideration to the holding of the United States Supreme Court in Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250 (1919)." While our court in the Kawko case did not specifically deal with or refer to the case of Flexner v. Farson, it did deal at length with the later case of Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), in which the United States Supreme Court did discuss the Flexner case and distinguished it. As pointed out in our Kawko case and in Hess v. Pawloski, above, the feature which distinguishes these cases from Flexner v. Farson "is the doing by the grace of the Legislature of that which is within the power of the legislature to forbid except upon conditions."
*246 It is next argued that the decision in our Kawko case should not control here, because in that case the accident which formed the basis of the claim petition occurred within the State of New Jersey, while in this case the accident occurred outside the State of New Jersey. Here the contract of employment was made within the State of New Jersey and there was a finding by the Division of Workmen's Compensation, supported by the evidence, that under the terms of the employment contract the petitioner was to perform services both within the State of New Jersey and without the State of New Jersey; and, further, that the petitioner did perform services under the employment contract for a period of approximately two weeks in New Jersey before proceeding to Maine. Under such circumstances, the fact that the accident happened outside the State of New Jersey is immaterial. Cf. Gotkin v. Weinberg, 2 N.J. 305 (1949); Steinmetz v. Snead & Co., 123 N.J.L. 138 (Sup. Ct. 1939).
Since we have concluded that the decision of our former Supreme Court in Kawko v. Howe & Co., above, controls this case, we find it unnecessary to consider the arguments addressed to the question whether the jurisdiction of our Division of Workmen's Compensation over this nonresident individual employer could be supported solely on the minimum contacts theory set forth in International Shoe Co. v. Washington, 326 U.S. 310, 90 L.Ed. 95 (1945), a decision of the United States Supreme Court which came down more than two years after the decision in our Kawko case.
When the motion of the employer to dismiss the petition, on the ground that the Division of Workmen's Compensation lacked jurisdiction, was denied in the Division, the employer not only filed a notice of appeal therefrom to this court, but also instituted a proceeding in lieu of prerogative writ for a review thereof in the Law Division of the Superior Court. By order of the Appellate Division, further proceedings before the Law Division were stayed.
The employer contends that this court does not have jurisdiction to hear and decide this appeal. Prior to *247 September 15, 1948, review of a final decision of the Division of Workmen's Compensation, where the accident occurred outside this State, was by means of a writ of certiorari to the former Supreme Court (Steinmetz v. Snead & Co., 123 N.J.L. 138 (Sup. Ct. 1939)); and review of an order entered in the Division denying a motion for dismissal of a claim petition, based on the ground that the Division lacked jurisdiction, was also by means of a writ of certiorari to the former Supreme Court, even though no final judgment of the Division be involved (Deslauriers Column Mould Co. v. Jackson, 3 N.J. Misc. 258 (Sup. Ct. 1925)). Pursuant to the mandate contained in our 1947 Constitution (Art. VI, sec. V, par. 4), our new Supreme Court provided in Rule 3:81 for procedure in lieu of prerogative writs. Rule 3:81-2 provides:
"Review, hearing and relief heretofore available by prerogative writs and not covered by Rules * * * 3:81-8 * * * shall be afforded by a civil action at law in the Law Division of the Superior Court. * * *"
Rule 3:81-8 provides:
"Review of the final decision or action of any State Administrative Agency shall be by appeal to the Appellate Division. * * *"
We are satisfied that Rule 3:81-8 was intended to provide an appeal, as a matter of right, to the Appellate Division from any state administrative agency in any case in which, under our former practice, a review by our former Supreme Court was available by means of a prerogative writ. While the language used in Rule 3:81-8 is not free from ambiguity, we construe "action," as used in this rule, to include any proceeding not included in "final decision" but still one which was reviewable under our former practice by means of a prerogative writ. This court does have jurisdiction to hear and decide this appeal.
The order under appeal is affirmed.