JOHN J. SCHWARZ, PETITIONER-APPELLANT, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, DEFENDANT-RESPONDENT, AND EMILY NIXON SCHWARZ, PETITIONER-APPELLANT, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, DEFENDANT-RESPONDENT.

Argued September 27, 1954—Decided October 18, 1954.

244

*Mr. Mortimer Wald* argued the causes for the appellants.

*Mr. John J. Monigan, Jr.,* argued the causes for the respondent (*Messrs. Stryker, Tams & Horner,* attorneys; *Mr. William L. Dill, Jr.,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J.  This is an appeal from a judgment of the Appellate Division, Superior Court, 29 *N. J. Super.* 374, reversing a judgment of the Hudson County Court which had affirmed an award of the Workmen's Compensation Division wherein compensation on the two petitions filed in this case was allowed. We granted certification, 15 *N. J.* 379, on petitions of the claimants, *R. R.* 1:10–2(*d*).

The question presented is whether the Workmen's Compensation Division had jurisdiction to entertain the petitions under the time limitation prescribed by the statute. The Appellate Division held that the time had tolled and the Division therefore lacked jurisdiction.

The relevant statutory provisions are:

*R. S.* 34:15–41 which provides:

"In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed * * * as prescribed by section 34:15–51 * * *."

and *R. S.* 34:15–51 which provides:

"Every claimant for compensation * * * shall * * * file a petition in duplicate with the secretary of the bureau * * * within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (§ 34:15–7 *et seq.*) shall constitute an agreement for compensation. * * *"

On November 2, 1943 the decedent assisted by a fellow worker was attempting to turn a heavy transom locker when it fell, striking him in the groin and testicles and pinning him to the floor. There is no dispute as to the fact of the accident.

The appeal involves two awards and two separate petitions. The first petition was filed by the decedent in his lifetime on February 7, 1947, seeking compensation for disability;

and the second petition was filed by the decedent's widow on August 26, 1947, seeking to recover dependent's benefits by reason of her husband's death on June 3, 1947. The two actions were consolidated for trial.

More than two years elapsed between the date of the accident on November 2, 1943 and the filing of the claim petition of decedent on February 7, 1947. There was no agreement to pay workmen's compensation benefits and it is conceded that none in fact was paid.

On the day of the accident the employer's male nurse examined decedent and asked him to come back the next day when the company doctor had the nurse furnish him with a suspensory. A month later he went to the plant hospital where he was seen by a number of doctors and certain suggestions were made as to treatment and he was referred to another doctor. None of the plant doctors treated him.

On January 27, 1945 the decedent sought medical treatment from his own doctor who aspirated the scrotum and informed him he would treat the testicle for about a month and if that did not help he would have to remove the testicle. On January 29, 1945 the decedent reported to the plant hospital and was examined by a company physician. The records show there was a swelling of the right testicle and a notation was made on the record that the case was referred to a Dr. Brozdowski for "final disposition," and that the doctor was asked for a diagnosis as well as his opinion as to causal relationship. This doctor made a notation on February 1, 1945 describing the swelling of the testicle and recommended examination by a Dr. Daly for malignancy. Dr. Daly was asked to report his findings and diagnosis as well as his opinion as to the causal relationship. That doctor reported he found a low-grade chronic infection which called for treatment and if the ailment did not respond to treatment an operation would be required which might include the removal of the testicle.

It is conceded that Dr. Daly gave no medical treatment. This examination was made on February 5, 1945. Decedent

was called to the company office on March 1, 1945 and given a sealed envelope addressed to a Dr. Koppel. He reported to that doctor on the same day and was examined. Dr. Koppel reported that it was difficult to make a diagnosis without aspiration or surgical interference. He was inclined to the opinion that the case was one either of malignancy of the testicle or pathology of an inflammatory nature. He excluded any relation of the trauma to the pathology found. Shortly thereafter decedent was advised by the company that his case was not compensable.

From the time of the accident down until November 1946 the decedent had continued at his work with interruption due to pain. As stated, he had received some treatment from his own doctor and on November 19, 1946 he was admitted to St. Vincent's Hospital, West Brighton, Staten Island, New York, and was discharged on March 1, 1947. He was operated on and although the exact date does not appear, his testicle was removed and he eventually died from a malignancy of the scrotum.

■ As stated by the Appellate Division, the filing of a claim petition within the time prescribed by the above enumerated sections is a jurisdictional requirement and the petitioner must establish compliance therewith. *Miller v. Beller Electric Supply Co.*, 100 *N. J. Eq.* 444 (*Ch.* 1927); *Valentine v. Walter Kidde & Co.*, 136 *N. J. L.* 292 (*Sup. Ct.* 1947); *Riccioni v. American Cyanamid Co.*, 26 *N. J. Super.* 1 (*App. Div.* 1953), certification denied 13 *N. J.* 289 (1953).

■ Where medical treatment which could have been required under the statute is actually furnished by the employer, such treatment is considered "payment of compensation" and a claim petition filed within two years of such "payment" is within time. *Betsy Ross Ice Cream Co. v. Greif*, 127 *N. J. L.* 323 (*Sup. Ct.* 1941); *Donoher v. American Steel & Wire Co.*, 2 *N. J. Super.* 72 (*App. Div.* 1949). *Cf. Oldfield v. New Jersey Realty Co.*, 1 *N. J.* 63 (1948).

The Compensation Division and the County Court felt that the claim petition was filed within time by reason of our decision in *Sampson v. Thornton*, 8 *N. J.* 415, at *page*

422 (1952), but the Appellate Division in reversing held that that case was clearly distinguishable in that there the claim for compensation had been recognized and some payments made. In that case temporary disability was paid for a period of three months and an award was made for permanent disability of 1% by agreement. Over a period of a year the petitioner had been treated by company doctors and doctors employed by the company. The accident in that case occurred on October 19, 1946, and in April 1948, about one year after the payment of compensation and less than two years from the date of the accident, the petitioner complained that he had not received adequate compensation. He was informed by the carrier's representative that he had received all he was entitled to but that the representative would see if he could obtain additional compensation for him. Finally the carrier arranged with its Dr. Sherman for a new physical examination which was made on June 11, 1948, and although no treatment was undertaken nor were medicines, remedial exercises or other specific remedies proposed, this court felt the record in that case did not "without notice, justify differentiating this one visit from the series of similar medical consultations admittedly embracing treatments provided by the insurance company. It is not to be considered in the abstract but in its propinquity to the previous course of conduct and surrounding circumstances."

We find no such situation in the record here. In that case the employer had provided compensation and recognized the injury as compensable and had assumed the obligation of providing hospital and medical treatment. The same is true of the other cases relied on by the appellant.

The proof in this case does not establish that the company ever recognized the injury as compensable or made payments by way of compensation. The record clearly indicates that such examinations as were ordered and requested by the company at the decedent's request were for the purpose of determining the causal relationship which was the issue in the case. Despite the recommendations to the company

by the doctors who were consulted, no authorization for treatment was made.

Since the statute is remedial, care should be taken by the courts to guard against the employer lulling an employee into the belief he would be compensated either by the payment of compensation or the furnishing of medical attention or both. It is equally clear that the doctrine of considering medical treatment as part of the compensation should not be extended to include a medical examination which may be necessary to determine whether a compensable injury exists. This could very well result in employers and insurers denying liability in all cases because examinations to determine liability or causation could have the result of removing the bar of the limitations fixed in the statute.

We have no hesitancy in holding that a mere medical examination for the purpose of determining the causation, or question of liability under the statute cannot be classified as a payment of compensation so as to effect the removal of the bar of the statute with respect to the filing of claim petitions.

The appellant further argues a question that was not disposed of before the Appellate Division, that where an employee sustains an injury by accident, which injury is latent and progressive, a petition filed for benefits is timely when filed within two years after the injured employee becomes aware of the nature and extent of his injury, or when the same first becomes compensable, or when he first becomes aware of the true nature of his injury as related to the accident.

The argument presented is that this proposition is a logical sequence to the decision of this court in *Panchak v. Simmons Co.*, 15 *N. J.* 13 (1954). But the two sections of the statute were carefully distinguished by Mr. Justice Jacobs in that opinion, where at *page 23* of 15 *N. J.* he said:

"Unlike our statutory provision imposing a two year limitation for the filing of compensable claims (*R. S.* 34:15–51), the notice provision with which we are now concerned (*R. S.* 34:15–17) refers to the occurrence of the injury rather than the accident."

█ *R. S.* 34:15–51 requires that the petition shall be filed "within two years after the date on which the accident occurred," and we are asked to construe this to mean "two years after the date the injury was discovered." This we cannot do. *R. S.* 34:15–17 provides for notice "of the injury," but the period of limitation fixed by *R. S.* 34:15–51 begins to run from the time of "the accident." Ours is an "accident" statute and not an "injury" statute. Our courts have found no indication of a legislative purpose to suspend the running of the statute until the injury becomes manifest. It was so held in *Cristo v. Standard Oil Co.*, 98 *N. J. L.* 871 (*E. & A.* 1923), and there has been no legislative action since to modify the statute as so construed.

Such a change in the statute is a problem for the Legislature and this court cannot read something into the statute that is not there. This distinction based on the difference in wording between "injury" and "accident" is almost universally followed. 2 *Larson, Workmen's Compensation Law,* § 78.42(*a*)(*b*).

██ The decedent's course of conduct is indicative that he was aware he had suffered an injury at the time of the accident. He knew he was injured but he did not know he was suffering from a malignancy, and the fact he did not learn of the malignancy until more than two years after the accident cannot be made to extend the statutory period.

Reaching this conclusion with respect to the petition of the decedent John J. Schwarz it follows as a matter of course that the dependency claim of his widow Emily Nixon Schwarz must be denied.

The judgment of the Appellate Division, Superior Court, is affirmed, but without costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6

*For reversal*—Justice WACHENFELD—1.