85 N.J. Super. 586 (1964)
205 A.2d 475
JOSEPH SALY, PETITIONER-RESPONDENT,
v.
TOWN OF KEARNY, NEW JERSEY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided December 9, 1964.
*587 Mr. Peter A. Adams for petitioner-respondent.
Mr. Robert J. McCurrie for respondent-appellant.
SCHULMAN, J.C.C.
This is a workmen's compensation case. Respondent town appealed from an order of the Division of Workmen's Compensation on three grounds: (1) the respondent-appellant is entitled to reimbursement under the reimbursement section of the Compensation Act under N.J.S.A. 34:15-40; (2) the amount of medical payments made by the petitioner; (3) the town's liability for said payments in that the medical services were unauthorized.
At the hearing two of the three grounds were abandoned and the only question for this court to consider is whether or not the town was entitled to a credit for medical payments made pursuant to N.J.S.A. 34:15-43 (additional medical payable to public employees on disability pension).
The facts are not in dispute. Petitioner was a policeman employed by the Town of Kearny. On June 12, 1959, while in the performance of his duties, he was struck by an automobile. His injuries were severe, including the amputation of his left leg between the ankle and the knee. Petitioner was paid his full wages during his period of recuperation. Respondent waived all claims for reimbursement of these wages. Petitioner returned to work on June 23, 1960. During this period the respondent paid medical and hospital bills for the petitioner totalling $7,137.38. Petitioner originally filed a claim for permanent compensation but this was discontinued on December 7, 1961 because on November 1, 1960 he had accepted a disability pension.
Petitioner also brought suit against a third-party tortfeasor for his injuries. This suit resulted in a settlement of $9,000. Upon receipt of the monies petitioner paid to respondent the sum of $4,573.81 in full settlement and release of the town's *588 lien of $7,137.38. This was based upon the petitioner's receiving the benefit of the attorney's fee of one-third of the original settlement, plus costs of suit amounting to $186.44.
It is stipulated that subsequent to the town's reimbursement and the acceptance by petitioner of a pension, further medical bills were incurred by him in the sum of $1,046.81. These were paid by petitioner.
As stated, the question now presented is whether the town is entitled to the benefit of the reimbursement section of the Workmen's Compensation Act, N.J.S.A. 34:15-40 and to receive a credit or setoff for the balance of the monies received by the petitioner from the third-party tortfeasor. If allowable, respondent has available to its credit the sum of $1,862.62 minus counsel fee.
Where a public employee has received a disability pension, would the medical payments that he incurs subsequent to his disability pension be subject to his employer's right of contribution, where the employer has received monies from a third-party tortfeasor?
N.J.S.A. 34:15-43 reads as follows:
"* * * No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; provided, however, that such employee, despite retirement, shall, nevertheless, be entitled to the medical, surgical and other treatment and hospital services as set forth in section 34:15-15 of the Revised Statutes."
It is clear from the reading of this statute that a disability-pensioned employee is not entitled to compensation except for medical bills rendered to him by reason of his injury. N.J.S.A. 34:15-43 was amended in 1948 to provide for additional medical benefits to a disabled public employee on pension. See L. 1948, c. 269. The legislative statement accompanying the amendment to this section stated:
"Because of the recent decisions of our courts in the cases of DeLorenzo v. Newark, 134 N.J.L. p. 7 and Reinhold v. Irvington, 134 N.J.L. p. 416 a public employee permanently disabled in the *589 actual performance of his duty who is retired upon application for pension cannot recover medical, surgical and other expenses under the Workmen's Compensation Act, which expenses were incurred in the treatment and alleviation of his condition."
It is clear then that the Legislature intended that a public employee who has been pensioned because of disability may recover in addition to his pension medical expenses incurred by him with reference to his injury.
The reimbursement section of the Workmen's Compensation Act was passed in 1931. The pertinent parts of the statute, N.J.S.A. 34:15-40, are:
"Where a third person is liable to the employee * * * for an injury * * * the existence of a right of compensation from the employer * * * under this statute shall not operate as a bar to the action of the employee * * *, nor be regarded as establishing a measure of damages therein. In the event that the employee * * * shall recover and be paid from the said third person * * *, any sum in release or in judgment on account of his * * * liability to the injured employee * * *, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
(b) If the sum recovered by the employee * * * from the third person * * * is equivalent to or greater than the liability of the employer under this statute, the employer * * * shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee * * * less employee's expenses of suit and attorney's fee as hereinafter defined." (Emphasis added)
It is apparent that the payments made as additional medical payments are compensation and covered by the general reimbursement section, N.J.S.A. 34:15-40.
It has been held that medical payments are compensation, as the term "compensation" is used under the Workmen's Compensation Act. Betsy Ross Ice Cream Co. v. Greif, 127 N.J.L. 323 (Sup. Ct. 1941); Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243 (1954); Donoher v. American Steel and Wire Co., 2 N.J. Super. 72 (App. Div. 1949). To allow the petitioner to receive additional benefits or additional compensation by way of medical bills would *590 amount to double recovery where he has received monies from a third-party tortfeasor. There is nothing to suggest to us that the Legislature intended double recovery in such situations. Caputo v. Best Foods, Inc., 39 N.J. 371 (1963). As a matter of statutory construction, the reimbursement section was in existence a good many years before the additional medical payment statute, N.J.S.A. 34:15-43, was passed. It must be presumed as a matter of statutory construction that the Legislature was aware of such section, and that the reasonable import of N.J.S.A. 34:15-43 was to give additional medical benefits, but not where those benefits had already been received from a third-party tortfeasor. It is apparent that this section must be given strict interpretation. It has been held that reparative payments under N.J.S.A. 34:15-12(b) beyond 450 weeks is still subject to setoff or contribution under N.J.S.A. 34:15-40. Caputo v. Best Foods, Inc., supra; see also Swan v. Board of Trustees, Teachers' Pension and Annuity Fund, etc., 85 N.J. Super. 226 (App. Div. 1964), on the question of double recovery.
The court therefore finds that the town is entitled to be reimbursed or be allowed a setoff or credit in the sum of $1,046.81, contrary to the finding of the Division below.
The court makes the following allowances:
(1) the medical bills having been paid by petitioner to the extent of $1,046.81, respondent is allowed credit of same, minus one-third actual counsel fee, or judgment for petitioner in the sum of $349.70.
(2) attorney's fee for respondent  $175.00
(3) stenographic fee below  $12.50